# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALIMANY ALUSINE TURAY,<br>#A094-723-196<br>Petitioner | * | |
| | * | |
| v | * | Civil Action No. RDB-14-227 |
| | * | |
| JACK KAVANAGH, et al., | * | |
| | * | |
| Respondents. | * | |
| | *** | |

## MEMORANDUM OPINION

Petitioner Alimani Alusine Turay, a detainee at Howard County Detention Center, through counsel, filed this Petition for Habeas Corpus relief under 28 U.S.C. § 2241, asserting that he is improperly detained under the mandatory detention provisions of 8 U.S.C. § 1226(c).[1]

ECF 1. Respondents[2] Jack Kavanagh, Director of the Howard County Department of Corrections, Calvin McCormick, Field Director, U.S. Immigration and Customs Enforcement, Thomas Homan, Director Enforcement and Removal Operations United State Immigration and Customs Enforcement, John Sandweg, Acting Director U.S. Immigration and Customs Enforcement, and Jeh Johnson, Secretary of Department of Homeland Security, by their counsel, have filed a response requesting dismissal of the petition. ECF 3. Turay has replied. ECF 5. The matter is fully briefed and ready for disposition. After review of the pleadings, the Court finds a hearing is unnecessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons that follow, the Court will deny and dismiss the Petition.

---

[1]    Section 236(c) of the Immigration and Nationality Act is codified at 8 U.S.C. § 1226(c).

[2]    Turay is seeking solely habeas relief and does not challenge his underlying removal proceedings. ECF 1. Consequently, the only proper respondent is his custodian, Jack Kavanagh, Director of the Howard County Detention Center. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement"); *see also* 28 U.S.C. § 2243 (providing that any habeas petition must be directed at "the person having custody of the person detained"). Accordingly, Respondents' request to dismiss respondents McCormick, Homan, Sandweg and Johnson (ECF 3) will be granted.

I.      **Facts**

The facts of this case are not in dispute. Turay is a native and citizen of Sierra Leone who has lived in the United States since 2005. ECF 3, Ex. 1 & 2. On April 27, 2012, Turay was convicted in the Hanover District Court (15th Judicial District of Virginia) of petit larceny. On July 5, 2012, he was convicted of conspiracy to commit credit card fraud in the Henrico Circuit Court (14th Judicial District of Virginia). Petitioner was sentenced to 354 days for the petit larceny conviction and three years for the conspiracy to commit credit card fraud. *Id.* Both convictions resulted in suspended sentences. *Id.*

On August 22, 2013, U.S. Immigration and Customs Enforcement ("ICE") served Turay with a Notice to Appear, charging him with removability under the Immigration and Naturalization Act, 8 U.S.C. § 1227(a)(2)(A), due to his convictions. ECF 3, Ex. 1.[3] Since that time, Turay has been detained at the Howard County Detention Center in Jessup, Maryland predicated on the Notice of Custody Determination issued after removal proceedings were initiated. An immigration judge has held that Turay is subject to mandatory detention under 8 U.S.C. § 1226(c) without the possibility of release on bond while his removal proceedings are pending. *Id.* Turay's request to review this determination was denied. ECF 3, Ex. 5 & 6.[4]

Turay claims that his detention violates his right to due process under the Fifth Amendment of the United States Constitution because he was never "released" from a post-conviction custody and as such the mandatory detention provisions of 8 U.S.C. § 1226(c) do not apply. As relief, he seeks release or an individualized bond hearing. ECF 1.

---

[3] Section 237 of the Immigration and Nationality Act ("INA") provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." *See* 8 U.S.C. § 1227(a)(2)(A)(iii) (codifying INA § 237).

[4] Petitioner's removal hearing was scheduled for April 4, 2014. ECF No. 3, Ex. 7. The record does not indicate whether the hearing occurred nor its findings.

## II.    Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) when the petitioner is "in custody," and the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.  § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). The Court has subject matter jurisdiction over the Petition under § 2241 because Turay was detained within this district at the time he filed his Petition, and he asserts that his mandatory detention is not statutorily authorized by 8 U.S.C. § 1226(c) and violates his due process rights. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

## III.    DISCUSSSION

The Attorney General is statutorily authorized to arrest, detain, or release an alien during the pre-removal period when the decision as to whether the alien will be removed from the United States is pending. *See* 8 U.S.C. § 1226(c). Individuals who fall under 8 U.S.C § 1226(c)(1) are subject to mandatory detention without a bond hearing.[5]

---

[5] The statute provides in relevant part:

> The Attorney General shall take into custody any alien who—
>
> > (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
> >
> > (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,
> >
> > (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence [sic] to a term of imprisonment of at least 1 year, or
> >
> > (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,
>
> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

Respondents assert Turay's petition should be dismissed consonant with the decision of United States Court of Appeals for the Fourth Circuit in *Hosh v. Lucero*, 680 F.3d 375 (4th Cir. 2012). In *Hosh*, the Petitioner was convicted of state felonies and received a two-year sentence, all suspended, and was released from state custody. Three years later, a Notice to Appear was issued by ICE and the petitioner was taken into  federal custody pending removal. While in custody, the petitioner requested a bond hearing. The request was denied by the Board of Immigration Appeals (BIA), which found that he was subject to the mandatory detention provisions of § 1226(c). *See Hosh*, 680 F.3d. at 377–78. The Petitioner then instituted habeas proceedings. The District Court granted relief, finding that § 1226(c) only applied when the alien is taken into immediate federal custody at the conclusion of state custody. *Id.* at 378.

In its reversal of the district court's determination, the United States Court of Appeals for the Fourth Circuit held that even if the alien is not immediately detained by federal authorities following his release from state custody, the mandatory detention requirements of § 1226(c) still apply once the alien is finally detained federally. In rejecting the Petitioner's contention that he was entitled to an individual bond hearing, the Fourth Circuit found that the BIA's determination that no bond hearing was warranted was based on a permissible construction of the Immigration and Nationality Act's (INA) mandatory detention provision and therefore warranted deference under *Chevron, U.S.A., Inc., v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 844 (1984). *Id.* at 380.

Respondents assert the facts presented in Turay's case are materially indistinguishable from those in *Hosh*, and the instant petition should be dismissed as a matter of law. Petitioner notes that his argument is not identical to the Petitioner in *Hosh* as he does not assert that he was

___

8 U.S.C. § 1226(c)(1). This provision was enacted pursuant to the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Div. C, Pub.L. No. 104–208, § 303(a), 110 Stat. 3009–586 (Sept. 30, 1996), out of concern that deportable criminal aliens who were not detained pending their removal hearings would reoffend and fail to appear at their hearings. *See Demore v. Kim*, 538 U.S. 510, 518–20 (2003); *see also In re Rojas*, 23 I. & N. Dec. 117, 121–22 (B.I.A. 2001).

not subject to mandatory detention because he was not "immediately" detained by DHS after his release from arrest. Rather, Petitioner maintains that he is not subject to mandatory detention because he was never "released" from a post-conviction custody. He correctly notes that this issue was not squarely addressed in *Hosh*. ECF 1.

Turay further notes that courts outside the Fourth Circuit[6] have determined that the BIA's statutory interpretation regarding the meaning of release from custody is not entitled to deference. He argues that this Court should find that release from post-conviction custody is necessary to trigger the mandatory detention requirement of §1226(c).

The undersigned concludes that the Fourth Circuits decision in *Hosh* implicitly rejects such a construction. The Board of Immigration Appeals holds that pre-conviction criminal custody is sufficient custody, for purpose of §1226(c). It is not necessary to have been sentenced to a term of imprisonment and then released from that imprisonment in order to satisfy the "when...released" language of §1226(c). To the contrary, the BIA has found that "release" may follow from other types of custody including a pre-conviction arrest. *See In re West*, 22 I. & N. Dec. 1405, 1410 (BIA 2000). The BIA's interpretations are given controlling weight by the Court unless the interpretations are 'arbitrary, capricious, or manifestly contrary to the statute." *Hosh*, 680 F.3d at 378. Courts within this Circuit, applying *Hosh,* have found that the mandatory detention provision applies to aliens, like Petitioner, who receive only suspended sentences for their criminal convictions and who were therefore never "released" from post-conviction custody. *See Pasicov v. Holder*, 488 F. App'x 693 (4th Cir. 2012); *Thakur v. Morton, supra*; *Velasquez-Velasquez v. McCormick*, Civil No. CCB-12-1423, 2012 WL 3775881 (D. Md. Aug. 28, 2012) (sentence suspended in its entirety, other than pretrial confinement); *Ozah v. Holder*, 2013 WL 709192 (E.D. Va. Feb. 26, 2013); *Obaid v. Lucero*, 2012 WL 3257827 (E.D. Va. Aug.

---

[6] *See Straker v. Jones*, 986 F. Supp.2d 345 (S.D. N.Y. 2013); *Valdez v. Terry*, 874 F. Supp. 2d 1262, 1273 (D.N.M. 2012).

8, 2012).  The determination that release may follow from pre-conviction arrest and thus trigger

the mandatory detention provision under §1226(c)  warrants deference under *Chevron,* 467 U.S.

at 844.[7]

Turay's argument neither rebuts the assertions set forth in the response nor provides any

basis for habeas corpus relief.  Turay's claim that his detention is unconstitutional fails as he is

properly subject to mandatory detention under § 1226(c).

## IV.   CONCLUSION

The Petition will be denied and dismissed. A separate order follows.


OCTOBER 27, 2014
_____
Date

*RICHARD D. BENNETT* (signature)

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[7] The only Court of Appeals to have considered Turay's particular argument, that pre-conviction detention does not satisfy the statute, has rejected Petitioner's argument and followed the BIA's interpretation that a pre-conviction release following an arrest satisfies the statute for purpose of mandatory detention. *See Desrosiers v. Hencricks,* 532 F.App'x 283, 285-86 (3rd Cir. 2013); *Gonzalez-Ramirez v. Sec'y of U.S. Dep't of Homeland Sec.,* 529 F. App'x 177, 179-81 (3d Cir. 2013), *cert. denied,* 134 S. Ct. 956 (U.S. 2014); *Sylvain v. Att'y Gen. of U.S.,* 714 F.3d 150, 161 (3d Cir. 2013).